NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KATHERINE A. RYKKEN (Cal. Bar No. 267196)
Assistant United States Attorney
Major Frauds Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0647
    Facsimile: (213) 894-0141
    E-mail:   katherine.rykken@usdoj.gov
              veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>OSCAR MARAVILLA CAMACHO JR.,<br><br>      Defendant. | No. CR 18-121(A)-SJO-6<br><br><u>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT OSCAR MARAVILLA CAMACHO JR.</u><br><br>Hearing Date: February 24, 2020<br>Hearing Time: 9:00 a.m.<br>Location:    Courtroom of the<br>                    Hon. S. James Otero |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Katherine A. Rykken and Veronica Dragalin hereby files its Sentencing Position with respect to defendant Oscar Maravilla Camacho Jr.

//

//

This Position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 10, 2020           Respectfully submitted,

                                                    NICOLA T. HANNA
                                                  Acting United States Attorney

                                                  BRANDON D. FOX
                                                  Assistant United States Attorney
                                                  Chief, Criminal Division

                                                  /s/ Veronica Dragalin
                                                  KATHERINE A. RYKKEN
                                                  VERONICA DRAGALIN
                                                  Assistant United States Attorneys

                                                  Attorneys for Plaintiff
                                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On November 4, 2019, defendant Oscar Maravilla Camacho Jr., ("defendant") pleaded guilty, pursuant to a plea agreement, to Counts One and Two of the Second Superseding Information in United States v. Fernandez, et al., CR 18-121(B)-SJO-6.  Count One charged him with conspiracy to dispose of a firearm to a prohibited person, to be a felon in possession of a firearm, and make a false statement in a federal firearm licensee's records during the purchase of a firearm, in violation of 18 U.S.C. §§ 371, 922(d)(1), 922(g)(1), and 924(a)(1)(A).  Count Two charged defendant with possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii).  On January 6, 2020, the United States Probation Office ("USPO") disclosed its Presentence Investigation Report ("PSR") but did not disclose a Sentencing Recommendation Letter in this matter.  (Dkt. 305.)

The PSR calculated a total offense level of 27, starting with a base offense level 28 pursuant to U.S.S.G. § 2D1.1, a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon, and a 3-level reduction for acceptance of responsibility. (Id.)  The PSR calculated a Criminal History Category II, resulting in a Guideline Sentence range of 78 to 97 months.  As set for in the government's previously filed objection to the PSR, the government respectfully objects to the PSR's finding that Counts One and Two should be grouped together under U.S.S.G. § 3D1.2(c).  (Id. ¶ 36; Dkt. 312.)

The government recommends that the Court impose the following sentence: (a) 87 months of imprisonment;[1] (b) four years of supervised release; and (c) a special assessment of $200. The government submits that such a sentence would be sufficient, but not greater than necessary, to meet the sentencing goals set forth in 18 U.S.C. § 3553(a).

**II.   THE PRESENTENCE INVESTIGATION REPORT**

On January 6, 2020, the USPO disclosed the PSR in which it concluded that defendant had a total offense level of 27 and a criminal history category II. (PSR at 4 and ¶ 49.) The PSR calculated a base offense level of 28 under U.S.S.G. § 2D1.1(c)(6), a 2-level enhancement because a dangerous weapon was possessed, and a 3-level reduction for acceptance of responsibility. (PSR ¶¶ 39-48.)

As previously set forth in the government's objection to the PSR, the government's position is that the firearm purchases and sales that form the basis for Count One constitute distinct criminal conduct and should be treated separately, which results in a 1-point increase under U.S.S.G. § 3D1.4(a)-(b). (See Dkt. 312.) A base offense level of 28, a 2-level enhancement for possessing a dangerous weapon, a 1-point adjustment for multiple counts, and a 3-level reduction for acceptance of responsibility results in a total offense level 28. (Id.) The government agrees with the USPO's calculation of Criminal History Category II but, given a total offense level of 28, believes that the appropriate sentencing range is 87 to 108

---

[1] If the Court does not agree with the government's grouping analysis set forth in the government objection (Dkt. 312), the government maintains that a sentence of 87 months is nevertheless appropriate. If the Court uses the offense level of 27 that is recommended by the USPO, an 87-month sentence would nevertheless fall with the range of 78 to 97 months that would apply. (PSR at 4.)

1 months. (Id.)

2 **III. FACTUAL BACKGROUND**

3 Pursuant to the factual basis in defendant's plea agreement
4 (Dkt. 191) and the PSR (Dkt. 305), defendant admitted the following
5 facts when he pleaded guilty.

6 Between May 2016 and July 2017, Camacho Jr., aided by co-
7 defendants Oscar Morales Camacho Sr. ("Camacho Sr.") and Rafael Rube
8 Camacho Maravilla ("Maravilla"), negotiated the purchase of the
9 following three firearms from co-defendant Carlos Miguel Fernandez
10 ("Fernandez"):

| Sale Date | Firearm Make & Model | Firearm Serial Number | Buyer on Form 4473 |
|---|---|---|---|
| 06/02/16 | Colt Model 1911 .38 caliber pistol | 36756 | Camacho Sr. |
| 06/02/16 | Colt Model 1911 .38 caliber pistol | 38SS05430 | Camacho Sr. |
| 11/08/16 | Colt Model Custom .38 caliber pistol | ELCEN8536 | Camacho Sr. |
| 11/08/16 | Colt Model Government .38 caliber pistol | MHE252 | Camacho Sr. |
| 12/15/16 | Colt .38 Super caliber pistol | NMS0167 | Maravilla |
| 12/16/16 | Colt Model 02991 .38 Super caliber pistol | 2933159 | Maravilla |
| 12/16/16 | Colt Model 02091 .38 Super caliber pistol | 38SS09144 | Maravilla |
| 12/16/16 | Colt Model 02091 .38 Super caliber pistol | 38SS09196 | Maravilla |
| 12/19/16 | Colt Model Mustang MK4 .380 caliber pistol | MU24832 | Maravilla |
| 07/29/17 | Colt Model Commander .38 caliber pistol | 27057LW | Camacho Sr. |

(PSR ¶ 25.)

3

Camacho Jr. intended to purchase the pistols for himself, but was prohibited from purchasing firearms due to his status as a felon. Camacho Jr. coordinated the purchase of these ten firearms with his co-defendant Fernandez, via phone calls, text messages, Instagram communications, and WhatsApp messaging. (Id. ¶ 22.) Camacho Sr. and Maravilla travelled to complete the paperwork to purchase the firearms, including ATF Form 4473. Each time Camacho Sr. or Maravilla filled out the ATF Form 4473, each person represented in question 11.a that he was the actual buyer of the two pistols. At that time, defendant, Camacho Sr., and Maravilla knew the answer to question 11.a was false because Camacho Sr. and Maravilla were in fact purchasing the firearms for Camacho Jr. (Id. ¶ 24.)

On December 20, 2017, during the execution of a search warrant, Camacho Jr. possessed nine of the ten guns listed above and an additional firearm. At the time Camacho Jr. also possessed approximately 1,100 grams of cocaine, 31 grams of methamphetamine, and 99 grams of heroin. The controlled substances were located throughout the residence in the garage, bedroom, and kitchen, along with digital scales, ammunition, and $12,951 cash. (See id. ¶ 26l.).

**IV.  SENTENCING RECOMMENDATION**

The government respectfully requests that the Court adopt the factual findings and criminal history calculation of the PSR in this matter, and the additional information in this sentencing position. In accordance with the factors listed in 18 U.S.C. § 3553(a), the government recommends that the Court impose the following low-end sentence: (a) 87 months of imprisonment; (b) four years of supervised release; and (c) a special assessment of $200.

### A. Nature and Circumstances of the Offense

Defendant pled guilty possessing for distribution 1,110 grams of cocaine – a quantity that triggers a mandatory minimum sentence of five years. Defendant also pled guilty to making false statements to obtain ten firearms for himself that he knew he was not lawfully allowed to possess. Nine of these firearms, along with one other, were discovered in his residence during the execution of a search warrant. The guns were not secured behind a safe, locked doors, or by any other means and were readily accessible to Camacho Jr. Moreover, defendant plainly used the residence to facilitate his drug trafficking. Along with ten firearms and ammunition, agents recovered cocaine, methamphetamine, and heroin, as well as indicators of drug trafficking, such as scales and over $12,000 cash. Camacho Jr. was prohibited from possessing guns because, as a convicted felon, he was more dangerous and likely to reoffend. Instead of respecting that limitation, defendant sought and obtained deadly weapons without regard for the consequences. Although fortunately no violence resulted in this case, these circumstances should be taken into account in fashioning an appropriate sentence. The offense conduct warrants the recommended prison sentence of 87 months.

### B. History and Characteristics of Defendant

This is not defendant's first drug offense. He was previously sentenced to three years for possessing methamphetamine for distribution. (PSR ¶ 53) Defendant worked in his parents' food processing plant and obtained a certificate to work as a truck driver, suggesting that upon his release from custody defendant will have the resources to re-enter society. (Id. ¶¶ 73-77.) Defendant's criminal history and ability to be a productive member of

5

society warrant the recommended sentence.

### C. Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Afford Adequate Deterrence to Criminal Conduct

The sentence must satisfy defendant's need for punishment or rehabilitation, as well as society's need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence.  There is a strong need for the sentence to deter defendant and others from committing future crimes.  18 U.S.C. §3553(a)(2)(B) (the sentence imposed is required "to afford adequate deterrence to criminal conduct," which encompasses both specific and general deterrence).  The seriousness of this offense and defendant's conduct evidencing a lack of respect for the law are aggravating factors.  A substantial custodial sentence is warranted in light of the need to deter individuals like defendant who unlawfully obtain firearms and who engage in the drug trafficking business.  The recommended sentence would provide both specific and general deterrence and just punishment for the offense in this case.

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court impose the following sentence: (a) 87 months of imprisonment; (b) four years of supervised release; and (c) a special assessment of $200.